UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| C.A., as guardian and next friend of C.G., a minor,<br><br>   Plaintiff,<br><br>v.<br><br>JEFFERSON COUNTY BOARD OF EDUCATION,<br><br>   Defendant. | Case No.: 2:19-cv-00291-RDP |

**MEMORANDUM OPINION**

This case is before the court on Defendant's motion to dismiss (Doc. # 6), which the court construes as a motion for judgment on the administrative record, *see Durbrow v. Cobb Cty. Sch. Dist.*, 887 F.3d 1182, 1189 (11th Cir. 2018). For the reasons explained below, the court concludes the motion is due to be granted.

**I.  Background**

This is an action for review of an administrative proceeding conducted pursuant to the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. §§ 1400, 1415(i)(2)(A). The IDEA "offers the States federal funds in exchange for a commitment to provide all 'children with disabilities' individually tailored special education, also known as a 'free appropriate public education' or 'FAPE.'" *Durbrow*, 887 F.3d at 1189 (citing 20 U.S.C. §§ 1400(d)(1)(A), 1412(a)(1)(A)). "The principal vehicle for providing a FAPE is an individualized education program ('IEP') prepared by the child's parents, teachers, and school officials that is reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Id.* (internal quotation marks omitted). The IDEA also requires states that accept IDEA funds to

identify, locate, and evaluate all "children with disabilities" who reside in the state. 20 U.S.C. § 1412(a)(3)(A). This obligation is known as a state's "child-find duty." *Durbrow*, 887 F.3d at 1189.

The plaintiff in this case, C.A., claims the Jefferson County Board of Education breached its child-find duty with respect to C.G., a child enrolled in a public school operated by the Board. (Doc. # 1). Plaintiff -- who is the guardian and next friend of C.G. -- specifically alleges the Board failed to identify, locate, and evaluate C.G. as a candidate for special education even though C.G.'s educational performance gave the Board adequate notice that C.G. might be a child with a disability in need of special education. (*Id.* at ¶ 23). Plaintiff therefore filed a due process complaint with the Alabama State Department of Education pursuant to procedures the Department maintains under 20 U.S.C. § 1415. (*Id.* at 1-2; Docs. # 14-1, 14-2). The hearing officer assigned to the matter ultimately dismissed Plaintiff's complaint at the Board's request, ruling that because C.G. is not a "child with a disability," the Board owed no child-find duty to C.G. or Plaintiff. (Doc. # 14-16 at 2-5). Plaintiff now challenges the hearing officer's decision in this lawsuit. She asks the court to reverse the hearing officer's order of dismissal and remand for a due process hearing on her child-find claim. (Doc. # 1 at 7).

To adequately review the hearing officer's decision, some additional background concerning the administrative proceedings is necessary. Plaintiff filed her due process complaint against the Board on August 27, 2018. (Doc. # 14-1 at 2). The complaint alleged that the Board violated the IDEA both by failing to develop and implement an IEP for C.G. and by breaching its child-find duty. (*Id.* at 4; Doc. # 14-2 at 1-2).

After receiving the complaint, the Board arranged for C.G. to be evaluated to determine whether he met IDEA eligibility criteria—that is, whether he was a "child with a disability" for

2

purposes of the IDEA and therefore entitled to an IEP, *see Durbrow*, 887 F.3d at 1193. (Docs. # 14-3 at 3-4, ¶ 6; 14-7 at 4, ¶ 2; 14-16 at 2). Upon receiving written consent, the Board performed an initial evaluation of C.G. to determine his eligibility for special education services. (Docs. # 14-7 at 4, ¶ 2; 14-16 at 2). After completing the evaluation, the eligibility team determined that C.G. did not meet IDEA eligibility criteria and therefore was not entitled to special education services. (Docs. # 14-7 at 4, ¶ 2; 14-16 at 2). Though Plaintiff and C.G. initially challenged that eligibility determination, they later withdrew any challenge to the Board's determination that C.G. was ineligible to receive special education services. (Docs. # 14-7 at 4; 14-8 at 1-2; 14-16 at 3). Instead, Plaintiff chose to pursue only the child-find claim before the hearing officer. (Docs. # 14-8 at 3; 14-9 at 4-5; 14-16 at 3).

At the Board's request, the hearing officer dismissed Plaintiff's child-find claim without a hearing. (Doc. # 14-16 at 2-5). Plaintiff now challenges that dismissal in this lawsuit.

## II. Standard of Review

The IDEA provides that "[a]ny party aggrieved by the findings and decision" of a hearing officer on a due process complaint "shall have the right to bring a civil action with respect to the complaint presented . . . in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). The district court must then "receive the records of the administrative proceedings," "hear additional evidence at the request of a party," and "basing its decision on the preponderance of the evidence . . . grant such relief as the court determines is appropriate." *Id.* § 1415(i)(2)(C).

In this case, the parties agree that no discovery is necessary and that the case should be resolved on the basis of the administrative record. (Doc. # 10 at 5-8). They have filed the administrative record with the court. (Doc. # 14). In assessing the administrative record, a district

3

court reviews a hearing officer's factual findings for clear error and reviews questions of law de novo. *Draper v. Atlanta Indep. Sch. Sys.*, 518 F.3d 1275, 1284 (11th Cir. 2008).

**III. Analysis**

The issue presented to the hearing officer in C.G.'s case was "whether [C.G.] is entitled to a due process hearing regarding an alleged child find violation when he has been evaluated, found ineligible to receive special education services, and withdrawn any challenge to the evaluation results." (Doc. # 14-16 at 3). Relying on the Eleventh Circuit's decision in *Durbrow*, 887 F.3d at 1196, the hearing officer ruled that C.G. was not entitled to a due process hearing in these circumstances. (*Id.* at 3-4). The hearing officer first held that, to be entitled to a FAPE and owed a child-find duty under the IDEA, a student must be a "child with a disability" within the meaning of the IDEA. (*Id.*). Because C.G. had been evaluated and determined not to be a "child with a disability" for IDEA purposes, and because C.G. had withdrawn any challenge to that determination, he had no viable child-find claim. (*Id.* at 4). The hearing officer therefore dismissed C.G.'s due process complaint without a hearing. (*Id.*).

In this lawsuit, Plaintiff does not (and cannot) challenge the hearing officer's determination that C.G. is not a "child with a disability" under the IDEA.[1] Instead, Plaintiff merely challenges the hearing officer's conclusion that Plaintiff cannot succeed on her child-find claim if C.G. is not a "child with a disability." Plaintiff's position is that the Board owed her a duty to identify, locate, and evaluate C.G. prior to the filing of a due process complaint because C.G.'s educational performance gave the Board adequate notice that C.G. might be a child with a

---

[1] In the administrative proceedings before the Alabama Department of Education, Plaintiff withdrew any challenge to the determination that C.G. was not a "child with a disability" for IDEA purposes. Because an IDEA plaintiff must exhaust her administrative remedies prior to seeking relief in federal court, *M.T.V. v. DeKalb Cty. Sch. Dist.*, 446 F.3d 1153, 1158 (11th Cir. 2006), Plaintiff cannot now challenge the determination that C.G. is not a "child with a disability" for IDEA purposes. Plaintiff is of course free to renew her challenge to that determination in administrative proceedings before the Alabama Department of Education.

4

disability in need of special education. (Docs. # 1 at ¶ 23; 8 at 3-7). Plaintiff contends she is entitled to relief if the Board breached this duty, regardless of whether C.G. is in fact a "child with a disability" entitled to a FAPE under the IDEA.

Plaintiff's argument is foreclosed by the Eleventh Circuit's decision in *Durbrow*, on which the hearing officer properly relied in dismissing Plaintiff's child-find claim. In *Durbrow*, a high school student and his family claimed that a school district failed to identify, locate, and evaluate the student as required by the IDEA's child-find duty and denied him a free appropriate public education to which he was entitled under the IDEA. 887 F.3d at 1188. The court first explained that "[t]he IDEA confers the right to a FAPE only upon 'children with disabilities.'" *Id.* at 1193. Because the Eleventh Circuit determined that Durbrow was not a "child with a disability" for IDEA purposes, it held that he was not entitled to a FAPE. *Id.* at 1193-95. Second, and more importantly for purposes of this case, the Eleventh Circuit also rejected the Durbrows' child-find claim "for four independent reasons." *Id.* at 1196. The first of those reasons was that "because [Durbrow] was not a 'child with a disability,' the [school district] did not owe the Durbrows a child-find duty." *Id.* "Like the FAPE obligation," the court explained, "the IDEA requires States accepting IDEA funds to identify, locate, and evaluate only 'children with disabilities.'" *Id.* Because Durbrow was not a "child with a disability," the court held that the school district "did not owe him a child-find duty." *Id.*

Here, Plaintiff withdrew any claim that C.G. is a "child with a disability" in the administrative proceedings before the Alabama Department of Education, and she advances no such claim in this court. Because it is undisputed for purposes of this proceeding that C.G. is not a "child with a disability" for IDEA purposes, the Board owes no judicially or administratively

5

enforceable child-find duty to Plaintiff. The hearing officer therefore properly dismissed Plaintiff's child-find claim without a hearing.

Plaintiff protests that the child-find duty should extend even to students whom the state merely has reasonable cause to suspect are "children with disabilities" entitled to a FAPE, even if those students in fact turn out to be ineligible for a FAPE under the IDEA. It may well be true that the Board has a duty under the IDEA and its implementing regulations to find and evaluate children it has reasonable cause to suspect are entitled to a FAPE. *See* 34 C.F.R. § 300.111(c) ("Child find also must include . . . [c]hildren who are *suspected* of being a child with a disability . . . and in need of special education, even though they are advancing from grade to grade) (emphasis added). But that duty, if it exists, is judicially and administratively enforceable only by students who in fact qualify as a "child with a disability" under the IDEA. Where a student has been affirmatively determined *not* to be a "child with a disability," and where the student does not or cannot challenge that determination, a school board owes no child-find duty to the student. That is the holding of *Durbrow*. *See* 887 F.3d at 1196.

The principal case on which Plaintiff relies, *J.N. v. Jefferson Cty. Bd. of Educ.*, 2018 WL 3956949 (N.D. Ala. Aug. 17, 2018), is not to the contrary. In *J.N.*, as here, a student filed a due process complaint alleging a child-find violation by the Jefferson County Board of Education. *Id.* at *2. After the complaint was filed, the Board evaluated the student, determined that he was a child with a disability eligible for special education services, and began providing special education services through an IEP. *Id.* Because the student did not challenge the IEP in any way, a hearing officer then dismissed the student's child-find claim without a hearing, holding that the Board's subsequent evaluation of the student and provision of a suitable IEP rendered the child-find claim moot. *Id.* at *3.

6

The district court reversed the hearing officer's decision and held that the child-find claim was neither premature when brought nor rendered moot by the Board's subsequent evaluation of the student and provision of an IEP. *Id.* at *3-5. The court reasoned that the plaintiff had a viable child-find claim based on her allegation that the Board knew or should have known that her student "was a child with a disability for some time before the Board referred [the student] for evaluation." *Id.* at *4. Even though the student was now receiving an IEP, the court held the plaintiff and her student could still seek "compensatory education"[2] based on the Board's past child-find violation. *Id.* at *4-6. It therefore remanded the case to the hearing officer for a due process hearing on the child-find claim. *Id.* at *6.

The critical difference between *J.N.* and this case concerns whether the Board owed the student a child-find duty. In *J.N.*, the Board did owe the student a child-find duty because the student was determined to be a "child with a disability"—a finding that was never challenged in the administrative proceeding or the district court. *See id.* at *2-3. The student was therefore entitled to a hearing on his child-find claim, even though the claim was asserted before the student had been *determined* to be a "child with a disability." By contrast, it is undisputed in this case that C.H. was determined *not* to be a "child with a disability," and that finding has not been challenged in either the administrative proceeding or this court. Thus, the Board does not owe a child-find duty to C.H. or Plaintiff, and the hearing officer properly dismissed the child-find claim without a hearing. *See Durbrow*, 887 F.3d at 1196.

To be clear, the court today does not hold that a student must affirmatively establish that he is a "child with a disability" *prior* to receiving a due process hearing on a child-find claim. It merely holds that the issue must be a live one that is actually in dispute. Where a student has

---

[2] "Compensatory education" is a remedy "by which the school district provides services prospectively to compensate for a past deficiency." *J.N.*, 2018 WL 3956949, at *2 (citing *Draper*, 518 F.3d at 1280).

7

been affirmatively determined *not* to be a "child with a disability," and does not in any way challenge that determination as incorrect, that student cannot maintain a viable child-find claim. And a hearing officer is not required to hold a due process hearing on such a claim.

## IV. Conclusion

For the reasons explained above, Defendant's motion for judgment on the administrative record is due to be granted, and this case dismissed. A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this May 14, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE